UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 4:23-CR-0323 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| vs. | ) | |
| | ) | **OPINION AND ORDER** |
| LONNIE BARKER, | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court is Defendant Lonnie Barker's Motion to Revoke Detention Order. ECF Doc. 18. Pursuant to 18 U.S.C. § 3145(b), Barker moves the court to revoke the magistrate judge's detention order. For the following reasons, Barker's motion is **DENIED**.

I.   Background

Barker has been charged with one count of Felon in Possession of Firearms and Ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). ECF Doc. 1. On June 22, 2023, the Government moved for detention, and Magistrate Judge Greenberg conducted a detention hearing on June 27, 2023. See ECF Doc. 17. Barker requested to be released pending trial. But the Government argued that Barker should be detained based on his violent conduct, prior assault conviction and access to firearms.

The information submitted by the Government during the detention hearing and in response to Defendant's motion shows that, on May 9, 2023, Lonnie Barker forced his way into his sister-in-law's residence and assaulted both her and her daughter in the front yard. The next day, he sent a text message to his 16 year-old daughter who was living with his sister-in-law

1

stating that her ID was on the trash can right outside the door. When his sister-in-law came to get the ID, he assaulted her again causing serious injuries. On May 11, 2023, when local law enforcement arrested Barker for the burglary, his wife consented to a limited search of the residence and law enforcement found 8 firearms locked in a safe. On May 15, 2023, Barker was served with a protective order prohibiting him from contacting his sister-in-law, her children, or his daughter and from possessing firearms. Despite this order, another firearm was found at his residence when it was searched on May 22, 2023.

On June 15, 2023, a federal grand jury charged Barker with one count of Felon in Possession of Firearms and Ammunition related to the firearms found at his residence on May 11 and 22, 2023. On July 12, 2023, a state grand jury indicted Barker for burglary for the events that took place on May 9, 2023.

During the detention hearing, Magistrate Judge Greenberg expressed his concern for the safety of Barker's family members (members of the community) if Barker were to be released, based on the extremely violent conduct reported during the hearing. ECF Doc. 17 at 48. Magistrate Judge Greenberg stated,

> But my concern is, even though there may not have been an order in place, if I am to believe the testimony that I heard from the United States, that he sent a photograph of her ID to his daughter, that his aunt had her 12-year-old son to pick up her ID and surreptitiously followed the son back to the car and pulled the aunt out of the car and assaulted her with some serious – pretty serious bodily harm, I mean, that's – that's chilling, isn't it?

On June 30, 2023, Magistrate Judge Greenberg issued an order detaining Barker pending trial. ECF Doc. 12. Unfortunately, the order incorrectly reflects the reasoning for detaining Barker. The order states that Barker had not rebutted a presumption that no condition would reasonably assure the defendant's appearance and the safety of the community. ECF Doc. 12 at 2. However, it is clear from the detention hearing transcript that defendant did not have a burden

of rebutting a presumption of detention in this case, nor did the government argue that Barker was a flight risk. Even though the detention order incorrectly reflects the reasoning for detention, the Court agrees with Magistrate Judge Greenberg that Barker's release would create a serious risk to the safety of others in the community if he were to be released.

II. Analysis

21 U.S.C. § 3145 permits a defendant to challenge an order of detention issued by a United States magistrate judge. Under 18 U.S.C. § 3142, it is presumed that the defendant should be released except in narrow circumstances. Here, the presumption of detention did not arise because the sole count in the indictment is for possessing a firearm after a felony conviction. However, the Court is nonetheless permitted to order detention if it finds by clear and convincing evidence that defendant would pose a serious risk of danger to another person in the community.

At the detention hearing and in its opposition to Barker's motion to revoke detention, the government showed that Barker has a history of domestic violence and recently attacked his niece and sister-in-law. The Government also submitted pictures of Lonnie Barker and his wife purchasing firearms, even though he was a felon and was not permitted to possess them. Moreover, Barker continued to possess a firearm in direct violation of the protective order issued on May 15, 2023. Based on the evidence of Barker's frequent violent behavior, possession of firearms, and disregard of a recent court order, the Court agrees that there is no condition or combination of conditions that would reasonably assure the safety of the community if Barker is released pending trial.

### III. Conclusion

Because there is no condition or combination of conditions that would reasonably assure the safety of the community if Barker is released pending trial, his Motion to Revoke Detention Order is DENIED.

**IT IS SO ORDERED.**

Dated: August 15, 2023

*s/Dan Aaron Polster*
United States District Judge
